IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| REED TIMMER | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION No. 7:23-CV-00187 |
| v. | § | |
| | § | |
| RADIO UNITED, LLC | § | |
| | § | |
| Defendant. | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

The parties' 26(f) conference was held telephonically on Thursday, September 21, 2023, at approximately 10:00 am, CST. Counsel James H. Freeman, Sanders Law Group attended on behalf of Plaintiff Reed Timmer. Counsel Miguel Villarreal, Jr. and Julie Bell with Gunn, Lee & Cave, P.C., attended on behalf of Defendant Radio United, LLC.

2. **List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

None.

3. **Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.**

Plaintiff: This is a copyright infringement case. Plaintiff is the owner of a copyrighted photograph. Defendant used the photograph on its commercial website without Plaintiff's authority. Plaintiff seeks statutory damages, attorneys' fees and costs.

Defendant: Defendant is alleged to have infringed Plaintiff's copyright in a newsworthy video concerning weather and devastating conditions caused by Hurricane Ian in Florida. Defendant denies it infringed on Plaintiff's alleged copyright in such video. Defendant further maintains that such use, if any, by Defendant of such video was lawful. Alternatively, Defendant further maintains that such use, if any, by Defendant of such video was lawful under, at least, the fair use doctrine. Alternatively still, Defendant's use, if any, of such video was innocent. Defendant

denies Plaintiff is entitled to the relief he seeks, to wit: statutory damages, attorneys' fees and costs.

**4. Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

This Court has subject matter jurisdiction over Plaintiff's Copyright Act causes of action pursuant to 28 U.S.C. 1338(a); 28 U.S.C. 1331.

Defendant denies the substantive allegations of the Complaint and denies that Plaintiff is entitled to any relief. Defendant does not disagree that this Court has subject matter jurisdiction over this action.

**5. List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

The parties are not currently aware of any additional parties that should be included.

**6. List any anticipated interventions. Briefly explain why.**

The Parties do not currently anticipate any interventions.

**7. Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

None.

**8. State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

Plaintiff and Defendant have not yet made the initial disclosures required by Rule 26(a). Arrangements have been made to complete the disclosures within 2 weeks of the Scheduling Conference date of September 28, 2023. The parties will exchange initial disclosures on or before October 12, 2023.

**9. Apart from initial disclosures, specify other discovery served or accomplished to date.**

None to date.

**10. Describe the proposed agreed discovery plan. At a minimum, include:**

**a. Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;**

{00426965.1} 2

The parties agree to exchange documents in standard PDF format and request metadata on a document-by-document basis, as needed.

**b. When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

Plaintiff anticipates that it will send interrogatories to Defendant. The parties agree to serve initial interrogatories on or before October 16, 2023. Plaintiff does not expect to require more than the twenty-five interrogatories permitted under Rule 33(a).

**c. When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

Defendant anticipates that it will send interrogatories to Plaintiff. The parties agree to serve initial interrogatories on or before October 16, 2023. Defendant does not expect to require more than the twenty-five interrogatories permitted under Rule 33(a).

**d. Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Defendant's 30(b)(6). Witness or other witnesses identified by Defendant. Plaintiff does not expect to require more than five depositions allowed under Rule 30(a)(2)(A).

**e. Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Defendant anticipates taking oral depositions of Plaintiff Reed Timmer pursuant to Fed. R. Civ. P. 30; other witnesses whose identity Defendant anticipates learning through discovery; and any expert witnesses Plaintiff discloses. The parties have agreed to work cooperatively to find a mutually convenient date and location in the United States for the depositions. The parties propose to complete fact depositions by April 22, 2024. Defendant does not expect to require more than the number of depositions allowed under Rule 30(a)(2)(A).

**f. When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.**

Plaintiff anticipates designating experts and providing the reports required by Rule 26(a)(2)(B) on or before January 22, 2024. Defendant anticipates designating experts and providing the reports required by Rule 26(a)(2)(B) on or before February 22, 2024.

**g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

Plaintiff anticipates taking expert deposition of all experts disclosed by Defendant and completing such depositions on or before April 22, 2024.

**h. List expert depositions the opposing party anticipates taking and their anticipated completion date.**

Defendant anticipates taking expert deposition of all experts disclosed by Plaintiff and completing such depositions on or before April 22, 2024.

**11. State the date by which the parties can reasonably complete the planned discovery.**

The parties anticipate reasonably completing discovery by April 22, 2024.

**12. If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

None at this juncture.

**13. Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

The parties believe there is a possibility for a prompt settlement and are currently engaged in settlement discussions. Plaintiff provided Defendant with a settlement proposal during the parties' Rule 26(f) meeting to which Defendant will consider. The parties plan to continue their settlement discussions.

**14. Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.**

The parties agree that mediation is the suitable form of alternative dispute resolution for this case and will determine timing during discovery.

**15. A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

The parties jointly do not consent to a trial before a Magistrate Judge.

**16. Identify any party that has made a jury demand and whether it was timely.**

Plaintiff made a jury demand and it was timely.

**17. Specify the number of hours it will likely take to present the evidence at trial in this case.**

The parties presently anticipate it will likely take 20-25 hours (3 trial days) to present evidence in this case.

**18. List pending motions the Court could resolve at the Scheduling Conference.**

There are no pending motions as of the filing of this report. However, the parties intend to request the Court for entry of a mutually agreed upon protective order.

**19. List other pending motions.**

There are no other pending motions as of the filing of this report.

**20. List all other matters that deserve attention of the Court at the Scheduling Conference.**

The parties are not aware of any specific matters that should be addressed at the conference.

**21. Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.**

The parties intend to separately submit a proposed scheduling and docket control order. No proposed modifications are anticipated.

**22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

<u>Plaintiff</u>: Plaintiff certifies that he will file his original Disclosures of Interested Persons on or before September 27, 2023.

<u>Defendant</u>: Defendant certifies that it will file its original Disclosures of Interested Persons on or before September 27, 2023.

**23. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

The names, bar numbers, addresses, telephone numbers, and emails of all counsel are listed in the signature blocks below.

Date: September 21, 2023                    Respectfully Submitted,

By: /s/*James Freeman*
James Freeman
Craig Sanders
Sanders Law Group
333 Earle Ovington Blvd., Ste. 402
Uniondale, NY 11553
csanders@sanderslaw.group
jfreeman@sanderslaw.group

**ATTORNEYS FOR PLAINTIFF**


By: /s/*Miguel Villarreal, Jr.*
Miguel Villarreal, Jr.
Attorney-in-Charge
Texas State Bar No. 24042095
S.D. Texas Attorney No. 566669
Miguel.Villarreal@gunn-lee.com
Julie P. Bell
Texas State Bar No. 24116091
S.D. Texas Attorney No. 3778079
julie.bell@gunn-lee.com
Gunn, Lee & Cave, P.C.
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
210-886-9500
210-886-9883 Facsimile

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 21, 2023, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF system.

/s/*James Freeman*
James Freeman
